PARKER, Judge.
Ralph P. Shaw, Jr., appeals the final order of the Unemployment Appeals Commission which affirmed the appeals referee’s decision that Shaw was not entitled to unemployment compensation benefits. We reverse, finding that there was no substantial, competent evidence in the record to support the finding that the employer discharged Shaw for misconduct.
Hansa Mold Tool & Die, Inc. (HMTD) employed Shaw as a tool and die maker. HMTD’s owner, Mr. Papenfuss, sent Shaw to Phoenix Plastics, Inc., which was running an injection molding machine on a subcontractor basis for Papenfuss, because a machine at Phoenix which contained a mold that Shaw and Papenfuss constructed was not working. Upon Shaw’s arrival at Phoenix, he and the president of Phoenix, Dennis Foley, exchanged words concerning the machine. Shaw told Foley, “I don’t want to hear any of your shit.” Shaw removed the broken mold and returned to HMTD. In the meantime, Foley telephoned Papenfuss and said not to send Shaw back to the shop because he was making too many mistakes. When Shaw returned to HMTD, Papenfuss and Shaw argued over Shaw’s work. Papenfuss told Shaw to “get out.” Shaw asked Papenfuss if Papenfuss was firing him, and Papen-fuss said that he was not firing Shaw but that he was reducing Shaw’s wages. Shaw collected his tools and departed from HMTD.
Shaw filed a claim for unemployment compensation benefits. The claims examiner determined that Shaw was eligible for benefits because Shaw was terminated for unsatisfactory work performance. The employer appealed the decision, claiming that Shaw was not terminated. The appeals referee found that Shaw was terminated for misconduct and was not entitled to benefits. The Unemployment Appeals Commission affirmed the referee’s decision. Shaw has appealed the decision that he was not entitled to unemployment compensation benefits.
We must examine two of the appeals referee’s findings in determining whether the decision can be upheld. The first finding was that the employer discharged Shaw. The employer maintained throughout the claims process and hearing that he did not terminate Shaw but only reduced Shaw’s salary. Shaw, however, testified that he believed that he was terminated. Even though the appeals referee stated that she resolved conflicts in testimony in favor of the employer, it is apparent that she believed Shaw in this instance. We, therefore, must uphold the finding that the employer discharged Shaw because there is substantial, competent evidence in the record to support this finding.
The second finding of the appeals referee which we will examine is that the employer discharged Shaw because Shaw was insubordinate to a customer which amounted to misconduct connected with work. It is this finding which cannot be supported by the record because there is no evidence in the record that the termination was due to the fact that Shaw was insubordinate to a customer. The employer steadfastly maintained throughout the hearing that the adverse employment action of re *1230 ducing Shaw’s wages was due to Shaw’s unsatisfactory work performance. Even when the appeals referee attempted to lead Papenfuss by asking whether Shaw’s attitude at that point in time had any bearing on Papenfuss’s reducing Shaw’s wages, the employer stated, “No, it’s just the job.” Further, Shaw, who was the only other witness, never testified that he was discharged due to insubordination to a customer or any other purported misconduct. Even though Shaw’s actions may have constituted misconduct, the record does not support the conclusion that Shaw was terminated for those actions, as required by section 443.101(l)(a), Florida Statutes (1989), which provides that an individual may be disqualified for unemployment compensation benefits if “he has been discharged by his employing unit for misconduct connected with his work_” (Emphasis added.) Thus, we reverse the final order of the Unemployment Appeals Commission and remand with directions to award Shaw unemployment compensation benefits.
RYDER, A.C.J., and LEHAN, J., concur.